UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KENNETH SMITH,

        Petitioner-Movant,

– against –

DAVID HOOD, Superintendent, Otisville Correctional Facility,

        Respondent.

**MEMORANDUM, ORDER, AND JUDGMENT**

91-CV-52



**JACK B. WEINSTEIN, Senior United States District Judge:**

## I. Introduction

More than nineteen years ago, judgment was entered against Kenneth Smith ("Smith" or "Petitioner-Movant") in a habeas corpus proceeding. He now seeks relief from that adverse judgment through Rule 60(b) of the Federal Rules of Civil Procedure. The motion is untimely. It is denied.

## II. Procedural History

Smith was convicted in 1983 in state court for his involvement in a knifepoint robbery. He filed a petition for habeas corpus in this court on January 7, 1991. *See* Petition, Jan. 7, 1991, Dkt. Entry No. 2. Counsel was appointed to represent him. *See* Order Appointing Counsel, Aug. 7, 1991, Dkt. Entry No. 17. By judgment filed October 16, 1991, the petition was dismissed, but a certificate of probable cause was granted. *See* Judgment, Oct. 16, 1991, Dkt. Entry No. 20.

1



Subsequent to dismissal, a document not previously available to this court, namely the transcript of a suppression hearing in the underlying state court proceeding, was placed in the federal court file. *See* Ltr. from R. Bernstein re: Copy of the Transcript of the Suppression Proceeding in State Court, January 31, 1992, Dkt. Entry No. 29 ("Bernstein Ltr."). Upon request, a further certificate of probable cause was ordered by the district court on February 7, 1992. *See* Order Granting Certificate of Probable Cause, Feb. 20, 1992, Dkt. Entry No. 30.

An appeal was taken on March 6, 1992. *See* Notice of Appeal, Mar. 6, 1992, Dkt. Entry No. 33. On November 17, 1992, the mandate of the Court of Appeals for the Second Circuit was filed affirming the dismissal of the habeas petition. *See* Mandate, Nov. 17, 1992, Dkt. Entry No. 38; *see also* Mot. to Withdraw Ex. 6, Oct. 3, 2012, Dkt. Entry No. 53-7 (summary order from Court of Appeals for the Second Circuit affirming dismissal of petition).

After his appeal from this court's denial of his petition, Smith filed *pro se* a petition for writ of error *coram nobis* before the Appellate Division for the Second Department. *See People v. Smith*, 635 N.Y.S.2d 479 (2d Dep't 1995). Collaterally attacked was the Second Department's earlier judgment denying Smith's appeal of his initial conviction on the ground of ineffective assistance of appellate counsel. *Id.* at 479. The application was denied. *Id.*

Two other habeas petitions were filed by Smith—one in 1996 and another in 1997. *See Smith v. Superintendent of Wende Correctional Facility*, No. 96-CV-3447 (E.D.N.Y. July 12, 1996), Dkt. Entry No. 2 (petition for writ of habeas corpus); *Smith v. Irvin*, No. 97-CV-531 (E.D.N.Y. Feb. 3, 1997), Dkt. Entry No. 1 (petition for writ of habeas corpus). Both were heard by the Honorable Sterling Johnson, United States District Judge, of this court. *Id.* Judge Johnson denied both petitions on August 9, 1999. *See* Judgment, *Smith v. Superintendent of*

*Wende Correctional Facility*, No. 96-CV-3447 (E.D.N.Y. Aug. 9, 1999), Dkt. Entry No. 17; Judgment, *Smith v. Irvin*, No. 97-CV-531 (E.D.N.Y. Aug. 9, 1999), Dkt. Entry No. 14. He instructed that "all future filings concerning this conviction must be pre-screened by a Magistrate Judge." *See* Judgment, *Smith v. Superintendent of Wende Correctional Facility*, No. 96-CV-3447 (E.D.N.Y. Aug. 9, 1999).

On November 25, 2011, Smith moved pursuant to Rule 60 to vacate the judgment issued by the undersigned on his initial petition for habeas corpus. *See* Motion to Vacate, Nov. 25, 2011, Dkt. Entry No. 41 ("Rule 60(b) Motion"). The court appointed attorney Norman Trabulus to represent the petitioner-movant on January 24, 2012. *See* Order Appointing Counsel, Jan. 24, 2012, Dkt. Entry No. 44.

Appointed counsel issued a comprehensive brief on behalf of the petitioner-movant. He asked to be relieved because he believed he could not make a compelling argument on the petitioner-movant's behalf. *See* Mot. to Withdraw, Oct. 3, 2012, Dkt. Entry No. 54. At a hearing held on February 19, 2013, Mr. Trabulus argued as persuasively as possible on the petitioner-movant's behalf. Smith's supplemental arguments are his own. *See* Ltr. Attaching Petitioner-Movant's Submission, Jan. 2, 2013, Dkt. Entry No. 62 (Mr. Trabulus did "not adopt[] [petitioner's] pro se submission, but [is] filing it ECF as an attachment to this letter, to insure that it is available to your Honor as quickly as possible").

Counsel and the petitioner-movant agreed that the hearing was one on the law not requiring Smith's physical presence in court. *See* Order Directing Warden to Have Petitioner Available Telephonically, Jan. 30, 2012, Dkt. Entry No. 65; Tr. of Rule 60(b) Hr'g, Feb. 19, 2013, at 4-5 ("THE PETITIONER: . . . . my petition is one which asks the Court to decide [a]

purely legal question"); *id.* at 5 ("[PETITIONER-MOVANT]: Basically what I'm saying is that the facts are as they are."). Mr. Smith has waived an evidentiary hearing and thus, his physical presence at the hearing. *Id.* at 5 ("THE COURT: . . . So you are conceding it's a legal issue only? PETITIONER-MOVANT: Yes."). He appeared by telephone. *Id.* at 2.

## III. Lack of Timeliness

A Rule 60 motion for relief from a final judgment must generally be made within a reasonable time. *See* Fed. R. Civ. P. 60(c). If brought for reason of "mistake, inadvertence, surprise, or excusable neglect," or because of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," or because of "fraud . . ., misrepresentation, or misconduct by an opposing party," the motion must be brought within a year of judgment or order. *See* Fed. R. Civ. P. 60(b)-(c).

The transcript of the suppression hearing on which the petitioner-movant now relies for Rule 60 relief was made available to him in January 1992. *See* Bernstein Ltr. He waited longer than a year and more than any reasonable amount of time before seeking relief based on the transcript.

The petitioner-movant also rests on *People v. Moore*, 5 N.Y.3d 725 (2005), interpreting a 1987 amendment to the crime of trespass in New York. He asserts that it retroactively applied to his suppression proceedings; and, that if it had been applied, suppression would have been required. The holding was available on June 7, 2005, when the case was decided, long before his present Rule 60 motion was made.

The motion to vacate pursuant to Rule 60(b) was filed on November 25, 2011. *See* Rule 60(b) Motion. It came entirely too late. It must be dismissed.

## IV. Other Grounds Relied Upon By Petitioner-Movant

In view of the lack of timeliness, there is no need to analyze other substantive bases for Rule 60 relief put forth by petitioner-movant.

Were a certificate of appealability necessary, it would be denied. "A substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), is required for a certificate of appealability to issue. No such showing has been made.

## V. Motion of Counsel to Withdraw

The motion of appointed counsel to withdraw is granted with the sincere appreciation of the court for his distinguished service and thorough research and analysis.

## VI. Further Proceedings of Petitioner

A copy of this order and the transcript of the hearing on the petitioner-movant's motion shall be promptly mailed to petitioner.

The court expresses no view on the validity of a "second petition" for a writ of habeas corpus. Permission to bring a petition would have to be granted by the Court of Appeals for the Second Circuit. Nor does the court express any view of petitioner-movant's right to take an appeal from this order and judgment.

## VII. Conclusion

The motion is denied. The court awards no costs or disbursements.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: March 1, 2013
Brooklyn, New York